UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA TONINA,<br>*Plaintiff*,<br>v.<br>JOSEPH FERRARO, TAX ASSESSOR FOR BERLIN, IN HIS INDIVIDUAL CAPACITY,<br>*Defendant* | No. 3:19-cv-00970 (MPS) |

**RULING ON MOTION TO DISMISS**

Plaintiff Theresa Tonina has sued Joseph Ferraro, the tax assessor of the Town of Berlin, Connecticut, under 42 U.S.C. Section 1983, seeking damages based on her claim that the Town's tax assessments against her real and personal property violated her constitutional rights. Ferraro has moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that (1) Tonina's claim is barred by, among other things, the "comity doctrine," which prohibits federal courts from exercising jurisdiction over Section 1983 damages claims challenging state and local tax assessments; and (2) Tonina has in any event failed to plead enough facts to make out a plausible claim for relief under Section 1983. I agree with both arguments and grant the motion to dismiss.

**I.    BACKGROUND**

Tonina filed, *pro se,* the original complaint in June 2019, alleging violations of her First, Fifth, Sixth, Ninth, Fourteenth, and Fifteenth Amendment rights by the "Town of Berlin Tax Department." (ECF No. 1.) She further alleged violations of New York state harassment and defamation statutes and violations of sections of the United States Bankruptcy Code by the Town. (*Id.*) The defendant filed a motion to dismiss in November 2019, citing numerous grounds, including that the complaint failed to state a claim upon which relief could be granted,

1

and, alternatively, that the complaint was barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and the related comity doctrine. (ECF No. 13.) Subsequently, an attorney appeared on Tonina's behalf, and filed a motion to join the Town tax collector, Ferraro, as a defendant and for leave to amend the complaint, which I granted. The amended complaint dropped all claims except the Section 1983 claim and also dropped the Town of Berlin as a defendant from the case caption, although it mentioned the Town as a "defendant" in the body. ECF No. 24; *see* Fed. R. Civ. P. 10(a) ("Every pleading must have a caption … The title of the complaint must name all the parties ….").[1] The defendant renewed its motion to dismiss, ECF No. 26, and Tonina has filed no opposition brief.

In her amended complaint, Tonina alleges that she owns real and personal property in the Town of Berlin, which she uses to operate "a service station that repairs cars and trucks for customers." (ECF No. 24 at 1.) She further alleges that Ferraro has "wrongfully weaponized the tax assessment process against the plaintiff based upon her gender and in order to demoralize her and discourage her First Amendment right to speak freely and openly about Town politics." (*Id.* at 2.) According to Tonina, Ferraro testified in a hearing before the Town's tax appeal board that "his practice as the Berlin Town Assessor[] is to 'over assess' the value [of] the taxable property of the taxpayer to hike up the tax assessment as high as possible." (*Id.* at 3.) He does this, he allegedly told the board, "'to make money for the town,'" stating "'the taxpayer can always appeal.'" (*Id.*) Tonina further alleges that Ferraro has levied "discriminatory, arbitrary and excessive" assessments against her "as the only female owner of a service station in Berlin, Connecticut[,] and as a vocal and outspoken critic of Berlin town politics." (*Id.* at 2.) Ferraro

---

[1] Because the plaintiff was represented by counsel when she filed the amended complaint, I cannot overlook the fact that the amended complaint does not name the Town in the caption and, therefore, treat Ferraro as the sole defendant. It would not matter, however, if the amended complaint properly named the Town as a defendant; I would still dismiss it for the reasons stated in this ruling.

2

allegedly harbors "animus against [Tonina] as an outspoken female … businesswoman in Berlin." (*Id.* at 3.) Tonina asserts violations of the First and Fourteenth Amendments and seeks compensatory and punitive damages and attorneys' fees.

## II.     LEGAL STANDARD

A "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). When, as in this case, a Rule 12(b)(1) motion is based solely on the allegations of the complaint, the Court "accept[s] as true all material factual allegations of the complaint" and "draw[s] all reasonable inferences in favor of the plaintiff." *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (internal citations and alterations omitted).

Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly*, the Court accepts as true all of the complaint's factual allegations when evaluating a motion to dismiss. *Id.* at 572. The Court must "draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendant's motion to dismiss." *Scott v. Town of Monroe*, 306 F. Supp. 2d 191, 198 (D. Conn. 2004). For a complaint to survive a motion to dismiss, "[a]fter the court strips away conclusory allegations, there must remain

sufficient well-pleaded factual allegations to nudge plaintiff's claims across the line from conceivable to plausible." *In re Fosamax Products Liab. Litig.*, 2010 WL 1654156, at *1 (S.D.N.Y. Apr. 9, 2010).

## III.   DISCUSSION

### A.   Fed. R. Civ. P. 12(b)(1): The Court Lacks Jurisdiction Over This Action

Damages suits under Section 1983 challenging state and local taxes are barred by the comity doctrine, provided that there is a "plain, adequate, and complete" state-court remedy. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir.1989) (internal citations omitted) ("While it is the Tax Injunction Act that prevents federal courts from giving injunctive relief, or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court." (internal citations omitted)); *see also Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 116 (1981) ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts."); *Nat'l Private Truck Council v. Okla. Tax Comm'n,* 515 U.S. 582, 587 (1995) ("Congress never authorized federal courts to entertain damages actions under § 1983 against state taxes when state law furnishes an adequate legal remedy."); *Bernard v. Vill. Of Spring Valley,* 30 F.3d 294, 297 (2d Cir. 1994) ("[F]ederal courts are precluded from exercising jurisdiction over challenges to state tax assessments, regardless of the type of relief sought.").[2] Thus, if there is a "plain, adequate, and complete" remedy available

---

[2] Although these cases often refer to "state tax systems," many of them involved taxes imposed by a municipality, as this case does. *See Town of Brookhaven*, 889 F.2d at 429 (involving challenge to real property taxes imposed by town); *Vill. of Spring Valley*, 30 F.3d at 295 (challenge to village's refusal to provide a separate tax designation for plaintiff's property).  *See Four K. Group, Inc. v. NYCTL 2008-A Trust*, 2013 WL 1562227 *5 n. 13 (E.D.N.Y. Apr. 15, 2013) ("Municipal and local taxes constitute state taxes for purposes of both the [Tax Injunction Act] and the principle of comity.").

4

in the state court, the principle of comity bars a plaintiff from seeking damages in a § 1983 action in federal court. *Piedmont Gardens, LLC v. Leblanc*, 168 F. Supp. 3d 391, 398 (D. Conn. 2016), *aff'd*, 733 F. App'x 576 (2d Cir. 2018).

Here, Tonina has invoked Section 1983 to seek damages based on Ferraro's levying taxes against her, claiming his actions violate her constitutional rights. Connecticut law provides remedies for such tax grievances, which include appealing a property tax assessment to the town board (Conn. Gen. Stat. § 12-111) and then appealing the town board's finding to the Connecticut Superior Court (Conn. Gen. Stat. § 12-117a); bringing a wrongful assessment claim directly in the Superior Court, in certain circumstances (Conn. Gen. Stat. § 12-119); and paying a tax under protest with the opportunity to later obtain a refund (Conn. Gen. Stat. § 12-129). The taxpayer may assert constitutional objections to the tax in an appeal before the tax board and in any subsequent appeal to the Superior Court, as well as in a wrongful assessment action under Section 12-119. *City of Hartford v. Faith Center, Inc.*, 196 Conn. 487, 491 (1985)(noting that "the claim of unlawful assessment in the special defense [asserting the unconstitutionality of the assessment] could have been redressed through an appeal from the board of assessors under § 12-111 or an application to the court under § 12-119"). Several of my colleagues on this Court have previously found that these state tax remedies, which provide taxpayers with both administrative and judicial review of tax assessments, satisfy the demands of the comity doctrine. *See, e.g., Piedmont Gardens, LLC*, 168 F. Supp. 3d at 399–400 (finding that providing for administrative appeal of a disputed tax, direct judicial intervention for a disputed tax, and an avenue for obtaining a refund satisfies the demands of both the TIA and the comity doctrine); *Finizie v. City of Bridgeport*, 880 F. Supp. 89, 95 (D. Conn. 1995) (same). I concur with their analysis and note that the plaintiff has not even attempted to argue otherwise. Thus, because the

plaintiff challenges a state tax assessment, and because there are "plain, adequate, and complete" state-court remedies, this suit is barred by the comity doctrine and must be dismissed for lack of jurisdiction.

### B. Fed. R. Civ. P. 12(b)(6): Plaintiff Fails to Plead A Plausible Claim

Even if I had jurisdiction here, I would find that the allegations in the amended complaint are so conclusory that they do not satisfy the plausibility standard under *Twombly* and dismiss the complaint under Rule 12(b)(6). The amended complaint provides only conclusory statements that Ferraro has "wrongfully weaponized" the tax assessment process against Tonina because of her gender and her speech about town politics. (ECF No. 24 at 2.) The amended complaint makes conclusory statements attributing animus to Ferraro but alleges no facts suggesting that he had discriminatory animus and acted on it to increase her taxes. The complaint does not allege that Tonina was taxed differently than anyone else. To the contrary, it alleges that Ferraro had a "practice" of imposing excessive assessments on town taxpayers "[t]o make money for the town" – an allegation suggesting that his "overassessments" did not discriminate but were imposed on all taxpayers. (ECF No. 24 at 3.) As for the First Amendment claim, the amended complaint fails to specify when Tonina criticized "Berlin town politics" or whether Ferraro was aware of such criticism. Because the complaint contains only conclusory statements, and not the factual allegations that would allow the Court to draw the inference that Ferraro is liable for any wrongdoing, it fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 26, is GRANTED. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
June 26, 2020